IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-01696-WYD-MJW

TYLER JAMES SWARBRICK,

      Plaintiff,

v.

PAULA FRANTZ, MD, Chief Medical Officer, CDOC;
STEPHEN R. KREBS, MD, Director of Case Management, PHP/CHP; and
ANTHONY A. DECESARO, Step 3 Grievance Officer, CDOC,

      Defendants.

---

## ORDER ADOPTING AND AFFIRMING
## MAGISTRATE JUDGE'S RECOMMENDATION

---

THIS MATTER is before the Court in connection with Plaintiff's Motion for

Preliminary Injunction, filed August 2, 2011 [ECF No.7], and Defendants' Motion to

Dismiss, filed October 21, 2011 [ECF No. 30].  These motions were referred to

Magistrate Judge Watanabe for a recommendation by memoranda dated August 15,

2011 and October 21, 2011, respectively.  A Recommendation of United States

Magistrate Judge was issued on February 21, 2012 [ECF No. 46], and is incorporated

herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff, who is currently incarcerated in the Colorado Department of Corrections

and is representing himself *pro se*, alleges that CDOC staff violated his Eighth

Amendment right to be free from cruel and unusual punishment by refusing to perform

colostomy reversal surgery.  He requests that the Court "grant a preliminary injunction to force the CDOC to have [his] colostomy reversal surgery performed."  In the Recommendation, Magistrate Judge Watanabe recommends that Plaintiff's motion for preliminary injunction be denied, and that Defendants' motion to dismiss be granted.

Magistrate Judge Watanabe advised the parties that specific written objections were due within ten (14) days after being served with a copy of the Recommendation. *Recommendation* at 18.  Despite this advisement, no objections were filed by any party to the Magistrate Judge's Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  I agree with Magistrate Judge Watanabe that Plaintiff is not entitled to injunctive relief because he has failed to demonstrate a substantial likelihood of success on the merits of the case, and has failed to show he would suffer irreparable

---

[1]  Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

injury if the surgery is not performed immediately.  *Recommendation* at 5-7.  As noted in the Recommendation, Defendants have submitted copies of portions of Plaintiff's medical records and the affidavits of Defendants Frantz and Krebs indicating that Plaintiff's condition is medically supervised, and that colostomy reversal surgery is not medically necessary and is completely elective.  *Recommendation* at 7-13.

In addition, I agree with Magistrate Judge Watanabe that the motion to dismiss should be granted.  Plaintiff has failed to demonstrate that prison officials were deliberately indifferent to a serious medical need in violation of the Eighth Amendment. As Magistrate Judge Watanabe noted in the Recommendation, Plaintiff does not assert that he is being denied medical treatment for his condition; rather, he asserts that he is being denied a surgical reversal.  Defendants have offered undisputed evidence that colostomy reversal surgery is not medically necessary and is instead elective.  Refusal to provide a particular course of treatment preferred by the plaintiff does not constitute deliberate indifference.  *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999); *Recommendation* at 17-18.

Accordingly, it is hereby

ORDERED that the Recommendation of United States Magistrate Judge dated February 21, 2012 [ECF No. 48], is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Motion for Preliminary Injunction, filed August 2, 2011 [ECF No.7] is **DENIED**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss, filed October 21,

-3-

2011 [ECF No. 30] is **GRANTED** and this case is **DISMISSED**.  It is

FURTHER ORDERED that Plaintiff's pleading styled "Updated and Request for

Decision," filed March 12, 2012 [ECF No. 48] is **DENIED AS MOOT**.

Dated:  March 13, 2012

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge